## KIRKHOPE v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9404. Decided Oct. 29, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

### CRIMINAL LAW.

(190 R2) In prosecution for receiving stolen property, question as to whether offense be penitentiary offense or misdemeanor, depends upon value of property as found by jury. This constitutes essential element that must appear in indictment, and also in verdict.

(190 F3) In prosecution for receiving stolen goods, failure of jury to find that property is of any value, together with failure to find that property stolen was automobile, renders sentence to penitentiary entirely illegal and invalid.

(190 I) After indictment is framed, it cannot be switched over to another.

Rocker & Schwartz, Cleveland, for Kirkhope.
E. C. Stanton, Cleveland, for State.

HISTORY:—Kirkhope convicted in Common Pleas on charge of receiving stolen property and sentenced to penitentiary. Kirkhope brings error. Reversed and remanded. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

Kirkhope was indicted under the statutes of Ohio for receiving and concealing stolen property, to-wit, one Ford automobile of the value of $175.00, and the indictment makes the necessary allegations as to knowledge that the said car was stolen and that he took it and concealed it for the purpose of depriving the owner of his property therein with full knowledge that it had been stolen, and so forth; in other words, making a perfect, unassailable indictment under the statute of receiving stolen property. He was tried and the learned Judge seemed to have got confused between two statutes, one which provides for the buying of an automobile that has been stolen and the statute under which this indictment was drawn. The Clerk of the Court apparently knew that the verdict should correspond with the indictment and so drew a verdict which, if the jury had signed as put into their hands by the Clerk, would have been all right, but we learn from the record or the argument of counsel that the court changed and struck out of the form of verdict, all reference to value, nor did it contain a finding that the property stolen was an automobile so as to bring it within the other statute, and the trial court received the verdict finding this man guilty as charged in the indictment, and the jury failed to find in the verdict that there was any value to the property, the court of his own volition having stricken this out of the verdict.

VICKERY, J.

Now the gravaman of this, lies in the fact that in receiving stolen property the question as to whether the offense be a penitentiary offense or just a misdemeanor depends upon the value of the property as found by the jury. That is one of the elements and one of the essentials that must not only appear in the indictment but still more essential that it must appear in the verdict. In other words, the indictment might allege that the property is worth $175.00. The jury might find it to be worth $25.00 which would make the offense a misdemeanor only and the judge would have no power to sentence to the penitentiary. In the instant case the jury did not find this automobile to be of any value nor did they find that the property stolen was an automobile in their verdict; so the sentence to the penitentiary was wholly and entirely illegal and invalid, under the indictment, and there is nothing else to do other than to reverse the judgment and to remand the cause to the Common Pleas Court where this defendant may be tried upon the indictment that was brought in against him; and then, in order to punish him, there must be a finding of the jury as to the value of the property, and if it be for less than $35.00 he could not be sent to the penitentiary, but if it be more than $35.00, why of course he might be sent to the penitentiary. After an indictment is framed under one statute, it cannot be switched over to another. At least the record in this case as it was finally left did not warrant any such action.

The judgment of the Common Pleas Court will, therefore, be reversed and the cause remanded to the Common Pleas Court for a new trial.

(Sullivan, P.J., and Levine, J., concur.)